THOMAS ARMSTRONG ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

Argued June 2, 1914—Decided June 8, 1914.

The second section of the act entitled "An act to promote the efficiency of fire departments in municipalities of this state other than cities of the first class," approved April 11th, 1910 (*Pamph. L.*, *p.* 412), creates an unconstitutional classification of municipalities similar in character to that discussed in *Wilson* v. *Ramsey*, 90 *Atl. Rep.* 265.

On *certiorari*.

Before Justices Swayze, Parker and Kalisch.

For the prosecutors, *Osborne & Astley.*

For the defendants, *Daniel J. Murray.*

The opinion of the court was delivered by

PARKER, J.  This writ of *certiorari* brings up an ordinance of the city of Bayonne, passed July 1st, 1913, providing for one extra engineer in the fire department of that city; and a resolution of the city council appointing one John Bodson as such extra engineer.

No question is now raised as to the validity of the ordinance, but the appointment of Bodson is attacked as in contravention of section 2 of the act of 1910 (*Pamph. L., p.* 412), providing, among other things, that in municipalities other than cities of the first class (including Bayonne) no member of a paid fire department shall be promoted to a grade higher than that of hoseman, or a grade equivalent thereto in point of compensation, until he shall have served at least three years in said paid fire department.  It is conceded or satisfactorily shown that Bayonne has a paid fire department, and that under the terms of this act, Bodson was ineligible; so that if the act is valid, the appointment would be illegal and should be set aside.

We are unable, however, to see how the act invoked can be differentiated in principle from that under examination by the Court of Errors and Appeals in the recent case of *Wilson, Attorney-General,* v. *Ramsey, post p.* 263, where a provision that in municipalities where police officers were removable only for cause, no person should be promoted above the rank and file until he had served at least five years, was held to create either a double or impossible classification of municipalities, and consequently to be unconstitutional as a special law regulating the internal affairs of towns.  So, in the present case, promotion can be made above the grade of hoseman or to a grade carrying higher pay, only in municipalities other than first-class cities having a paid fire department, in which there are members who have served three years or more.

The fact that by section 1 of the act of 1910, appointments to higher grade than hoseman may be made at the time of organizing a paid department, does not help the matter, because vacancies in the higher offices must be expected to occur, and in new departments it will be impossible to fill them until some members have served the requisite time. Nor is the situation changed by the fact that there are members of the Bayonne department who have served the statutory time, because the invalidity of the class vitiates *in toto* the legislation embraced in section 2.

Whether section 1 of the act is valid, and whether it may stand separate from section 2, are questions not raised on this writ, and not considered by us.

So far as appears, the appointment of Bodson was a lawful one, and the writ of *certiorari* must therefore be dismissed.